UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLIVE GORDON,

     Plaintiff,

-vs-

                                   CASE NO.:

BAYVIEW LOAN SERVICING, LLC,

     Defendant.

_____/

## COMPLAINT

     Plaintiff, Clive Gordon (hereinafter "Plaintiff"), sues Defendant, Bayview Loan Servicing, LLC (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

     1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

     2.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: "telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

5.      The alleged violations described herein occurred in Osceola County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida.

7.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

8.      Plaintiff is an "alleged debtor."

9.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 33146.

11. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6) as it pertains to a home mortgage.

12. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

13. Defendant has called Plaintiff on Plaintiff's cellular telephone dozens times in an attempt to collect a debt.

14. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

15. Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

16. Plaintiff will testify that he knew it was an auto-dialer because on one occasion when he asked for the calls to stop, an agent advised that she could not stop the calls as they were "made by a computer."

17. As a result, Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

18. The automated calls from Defendant are initiated from phone numbers including, but not limited to: 800-771-0299; when that number is dialed, an artificial voice plays and identifies the number as belonging to Defendant.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407) ***-2100 and was the called party and recipient of Defendant's calls.

20. Defendant placed dozens of automated calls to Plaintiff's cellular telephone (407) ***-2100 in an attempt to collect a debt.

21. In 2018 Defendant began calling Plaintiff about an alleged past-due balance on his account.

22. Soon after the calls began, Plaintiff answered a call and advised an agent of Defendant that he believed it was illegal for Defendant to call him about this debt and to "stop calling." Unfortunately, Defendant did not honor this do-not-call request.

23. Despite Plaintiff's request for the calls to stop, Defendant has continued to call him using its auto-dialer.

24. At times the calls come at a frequency which can reasonably be expected to harass the Plaintiff, including multiple calls per day on back-to-back days, despite the Plaintiff requesting that the calls stop.

25. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff. Defendant is aware that Plaintiff does not wish to receive automated calls to his cellular telephone yet continues to call him using technology governed by the TCPA.

27.     From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

28.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

29.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

30.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, nervousness, embarrassment, frustration and aggravation.

31.     Plaintiff owns and operates his own business. Defendant's unwanted calls interrupt Plaintiff while he is working and break his concentration, causing him to suffer from stress, anger, worry, and embarrassment while working.

32.     Defendant's unwanted calls interrupt Plaintiff while he is working and interacting with clients, causing him to appear unprofessional.

33.     Plaintiff is married with six children. Defendant's unwanted calls interrupt Plaintiff while he is spending time with family, causing him anger, worry, embarrassment, and frustration during time in his personal life.

## COUNT I
### (Violation of the TCPA)

34.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

36.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bayview Loan Servicing, LLC, for statutory damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

38.     At all times relevant to this action  is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

39.    Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

40.    Defendant's calls interrupt the Plaintiff throughout his day, causing him problems in his professional and personal life.

41.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bayview Loan Servicing, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
mmartinez@forthepeople.com
*Counsel for Plaintiff*